IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENNETH CARLBORG,

                                       OPINION AND ORDER

              Plaintiff,

                                       11-cv-686-bbc

    v.

PAUL ROGERS KENNEDY,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action, pro se plaintiff Kenneth Carlborg has raised state law claims for breach of contract, unjust enrichment and fraudulent inducement against defendant Paul Rogers Kennedy. As a basis for federal jurisdiction, plaintiff relies on 28 U.S.C. § 1332, which requires a showing that plaintiff is not a citizen of the same state as defendant and that the amount in controversy is greater than $75,000.

      Defendant has filed a motion to dismiss for failure to state a claim upon which relief may be granted, dkt. #12, and plaintiff has filed motions for default, dkt. ##10 & 16, for sanctions, dkt. #14, and to amend the complaint to add Doe defendants, dkt. #20. These motions are ready for decision. Unfortunately, I cannot rule on the pending motions at this time because plaintiff has not made an adequate allegation of diversity under § 1332. Until plaintiff makes this showing, I cannot determine whether this court has jurisdiction to take any action in the case.

1

First, plaintiff has not identified his own or defendant's citizenship. Plaintiff alleges in his complaint that he is a "resident of the state of Wisconsin." Dkt. #24 at ¶ 4. However, it is the citizenship, not the residency of an individual person that matters for diversity jurisdiction purposes. Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012). An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). With respect to defendant, plaintiff alleges in his complaint only that defendant is "the principal [of] Compass Law Group, LLC, which is listed under the General Practice Law Office in Delray Beach, Florida." However, plaintiff is suing defendant Paul Rogers Kennedy, not his law firm, so it is defendant's citizenship that must be determined.

Second, it is questionable whether the amount in controversy in this case is greater than $75,000. Plaintiff's complaint seeks compensatory damages of $3,782.50 for payments made under a contract with defendant and punitive damages of $200,000. A party may use punitive damages to satisfy the amount in controversy requirement if punitive damages are recoverable under state law, unless it is legally certain that the plaintiff cannot recover the jurisdictional amount. LM Insurance Corp. v. Spaulding Enterprises, Inc. 533 F.3d 542, 551 (7th Cir. 2008) (amount in controversy met by claim for compensatory damages of $20,000, when punitive damages might reach $55,000).

Plaintiff cannot recover punitive damages for breach of contract or unjust enrichment,

2

but Wisconsin law may allow recovery of punitive damages for a fraudulent inducement claim when the fraud is "extraneous to" and not "interwoven with" the subject matter of the contract. Digicorp, Inc. v. Ameritech Corp., 262 Wis.2d 32, ¶¶ 3, 21, 85, 662 N.W.2d 652, 665 (2003); Jeffers v. Nysse, 98 Wis.2d 543, 546, 550, 297 N.W.2d 495, 498 (1980) (finding compensatory damages of $3,050 and punitive damages in same amount were appropriate). For a fraudulent inducement claim, a plaintiff must elect to affirm the contract and seek damages for breach or rescind the contract and seek tort damages. Tietsworth v. Harley-Davidson, Inc., 270 Wis.2d 146, ¶¶ 32-37, 677 N.W.2d 233, 244 (2004).

The problem for plaintiff is that he would have to recover $71,217.51 in punitive damages, more than eighteen times the injury alleged in his complaint. Even if Wisconsin law would allow such a large recovery for fraudulent inducement, the Supreme Court has found that the due process clause places "constitutional limits on the punitive damages multiplier in simple economic-loss cases" and adopted "a presumption against punitive damages that are a double-digit multiple of the compensatory injury." Munro v. Golden Rule Insurance Co., 393 F.3d 720, 721 (7th Cir. 2004). In Munro, the Court of Appeals for the Seventh Circuit stated that a plaintiff could not meet the amount in controversy requirement based on a bad-faith breach of contract claim that sought only $7,250.01 in compensatory damages and fees, because the amount of punitive damages necessary to reach $75,000 threshold would result in a ratio likely to violate due process. Id.

Because the court is issuing this order sua sponte and it is possible that plaintiff suffered additional injuries not detailed in his amended complaint, I will give plaintiff an

3

opportunity to file a second amended complaint with additional allegations about the parties' citizenship and the amount in controversy. 28 U.S.C. § 1653 (defective jurisdictional allegations may be cured).

ORDER

IT IS ORDERED that plaintiff Kenneth Carlborg may have until June 13, 2012, in which to file an amended complaint that alleges diversity of citizenship between himself and defendant Paul Rogers Kennedy and demonstrates that it is possible for him to recover more than $75,000 in damages.  Failure to do so will result in dismissal of this case for lack of subject matter jurisdiction.

Entered this 30th day of May, 2012.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge

4