IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENNETH CARLBORG,

Plaintiff,

v.

PAUL ROGERS KENNEDY,

Defendant.

OPINION AND ORDER

11-cv-686-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Kenneth Carlborg brought this civil action under state law for breach of contract, unjust enrichment and fraudulent inducement against defendant Paul Rogers Kennedy. Plaintiff alleged that he signed a written contract with defendant on the understanding that defendant would resolve all of plaintiff's debt problems for one to two months and that defendant withdrew $756.50 from plaintiff's bank account each month for five months but performed no services and never returned plaintiff's phone calls.

As a basis for federal jurisdiction, plaintiff relied on 28 U.S.C. § 1332, which requires a showing that plaintiff is not a citizen of the same state as defendant and that the amount in controversy is greater than $75,000. In an order dated May 30, 2012, I found that plaintiff had not alleged diversity of citizenship or a sufficient amount in controversy, but I gave him an opportunity to file an amended complaint addressing these issues by June 13, 2012.

Within that deadline, plaintiff filed an "explanation of the parties' citizenship," a proposed second amended complaint, dkt. #28, and a proposed third amended complaint, dkt. #30. Although plaintiff has not filed a motion for leave to file a third amended complaint, the court will treat the third amended complaint as the operative complaint, as it was filed just five days after the second amended complaint, within the deadline set by the court's May 30 order and before the court had reviewed the second amended complaint. Fed. R. Civ. P. 15(a)(2).

Plaintiff made several changes in the third amended complaint. He seeks to add two new defendants: the Compass Law Group and the Center for Legal Justice. Compass Law Group is alleged to be defendant Kennedy's law firm. The complaint contains no allegations about the Center for Legal Justice. Plaintiff alleges that defendant called him, induced him to provide his full information about his accounts and debts and then withdrew $756.50 each month for five months from plaintiff's bank accounts. Defendant later sent plaintiff a copy of a contract, but plaintiff "never signed any agreement" and his signature was faked. Plaintiff does not deny that he had an agreement with defendant or that he agreed to permit defendant to withdraw a monthly fee. Plaintiff has dropped his contract and quasi-contract claims, replacing them with claims for fraud, intentional infliction of emotional distress and "conspiracy."

Plaintiff seeks $45,089.78 in a compensatory damages for the fraud,$50,000 in compensatory damages for the emotional distress and $65,000 in punitive damages. Although plaintiff requests damages of $160,089.78, a careful reading of the third amended

complaint reveals that it would be impossible for plaintiff to recover more than $75,000 in damages.

Plaintiff's damage allegations for the fraud claim are difficult to follow. Defendants withdrew $756.50 a month from his bank account for five months, for a total of $3,782.50. As a result of these withdrawals, plaintiff did not have enough money to pay his mortgage payment and was charged $440.85 in late fees. In addition, Bank of America sold his debt to "Lvnv Funding, LLC." Lvnv Funding is threatening to foreclose but has extended his time, increased his payments and fined him. Beyond this, his damage claims become unclear. He asserts that his debt has increased from $29,000 to $29,866.43. (It is not clear whether this includes the $440.85 late fee.). Last, the "Bank" sent plaintiff a letter on May 11, 2012, demanding $2,379.24 plus late charges of $117.56 (It is not clear whether this fee was included in the $440.85 figure above.). Plaintiff does not have this money, so "foreclosure is inevitable" and his future losses will likely be $40,000.

Even assuming that the late fees were not included in the increased debt, plaintiff has alleged that his debt increased $1,424.84. Adding this to the withdrawn funds, and plaintiff has alleged that the fraud caused him $5,207.34 in damages. I cannot include the $40,000 mortgage loss in the estimate of plaintiff's damages. Plaintiff is not entitled to damages from a future foreclosure that may or may not occur. Even if these damages were not speculative, plaintiff has not included any factual allegations that would suggest that defendants' withdrawal of $3,782.50 caused the financial problems that are leading to the foreclosure.

Next, plaintiff requests $50,000 for intentional infliction of emotional distress.

Plaintiff alleges that the monetary losses, the risk of foreclosure and debtor's suits caused him emotional distress, which led to "a problem with [his] heart" that required a visit to the doctor in February 2012. In Wisconsin, a plaintiff can recover for emotion distress caused by a defendant's fraudulent conduct, but the plaintiff "must plead and prove (1) that the defendant acted for the purpose of causing the plaintiff emotional distress; (2) that the defendant's conduct was extreme and outrageous; (3) that the defendant's conduct was the cause-in-fact of the injury; and (4) that the plaintiff suffered an extreme disabling emotional response to the defendant's conduct." D. R. W. Corporation v. Cordes, 65 Wis. 2d 303, 309, 222 N.W.2d 671 (1974); McKissick v. Schroeder, 70 Wis. 2d 825, 832, 235 N.W.2d 686 (1975).

"As a general rule, at the jurisdictional stage, courts do not conduct an inquiry into the merits beyond verifying that the claim is not brought 'solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial or frivolous.'" Smith v. American General Life and Accident Insurance Co., Inc., 337 F.3d 888, 895 (7th Cir. 2003) (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)). Plaintiff's claim for intentional infliction of emotional distress falls into this latter category. Plaintiff has pleaded no facts to support the first, second and fourth elements of his claim. He has also pleaded no facts that would explain his request for $50,000 in emotional damages. The claim is so lacking in substance as to suggest it was brought solely for the purpose of meeting the amount in controversy requirement. Saglioccolo v. Eagle Insurance Co., 112 F.3d 226, 233 (6th Cir. 1997) (plaintiffs should not be permitted to manipulate amount in controversy requirement with

meritless claims of intentional infliction of emotional distress, when remaining claims fail to satisfy the requirement); Esquilin-Mendoza v. Don King Productions, Inc., 638 F.3d 1, 3 (1st Cir. 2011) (amount in controversy not met by claim for $2 million for mental anguish, emotional distress and stress-induced heart problems, when plaintiff's complaint demonstrated lack of any legal entitlement to emotional injury).

Last, plaintiff requests $65,000 in punitive damages. As I explained in the prior order, the amount in controversy threshold may be satisfied by punitive damages, if they are recoverable under state law, unless it is legally certain that the plaintiff cannot recover the jurisdictional amount. LM Insurance Corp. v. Spaulding Enterprises, Inc., 533 F.3d 542, 551 (7th Cir. 2008) (amount in controversy met by compensatory damages of $20,000, when punitive damages might reach $55,000). However, $65,000 in punitive damages is not sufficient to reach the jurisdictional threshold. Taking into consideration plaintiff's new allegations, plaintiff would need to recover $69,792.66 in punitive damages, approximately 13.4 times the amount of his actual damages. This punitive damage award would run afoul of the Supreme Court's "presumption" that "punitive damages that are a double-digit multiple of the compensatory injury" violate the due process clause. Munro v. Golden Rule Insurance Co., 393 F.3d 720, 721 (7th Cir. 2004) (plaintiff could not use punitive award 10.34 times actual damages to meet amount in controversy); Anthony v. Security Pacific Financial Services, Inc., 75 F.3d 311, 317-18 (7th Cir. 1996) (punitive award 17.35 times actual damages did not satisfy amount in controversy).

Because plaintiff's third amended complaint has not alleged an amount in controversy

greater than $75,000, the case must be dismissed for lack of subject matter jurisdiction. If plaintiff desires to pursue his case, he will need to file it in a state court with jurisdiction over the defendants. If plaintiff believes that defendants violated ethical rules, he may also wish to file a complaint with the Florida State Bar Association.

ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 22d day of June, 2012.

BY THE COURT:

/s/

BARBARA B. CRABB

District Judge